RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALL FOR ALL CALL CENTER GROUP, LLC<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)<br><br>Class Action<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Terry Fabricant ("Plaintiff"), by his undersigned counsel, for this class action complaint against Defendant Call for All Call Center Group, LLC and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Defendant"), alleges as follows:

## I.   INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs.*, *LLC*, 132 S. Ct. 740, 745 (2012).

## II.   PARTIES

2. Plaintiff Terry Fabricant is an individual residing in California, in this District.

3. Defendant Call for All Call Center Group, LLC is a Maryland limited liability company hired by banking companies to make automated telemarketing calls, such as those made to the Plaintiff. Call for All regularly conducts business in this District, including through the making of telemarketing calls, as it did with the Plaintiff.

## III.   JURISDICTION AND VENUE

4. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they arise under a law of the United States: 47 U.S.C. § 227.

5. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because the challenged calls at the heart of this case were directed into California.

6. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and the challenged calls at the heart of this case were directed by Defendant into this District.

**IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

8. Relevantly, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

<u>The Automated Telemarketing Call From Defendant</u>

13. Plaintiff's telephone number, (818)-266-XXXX, is registered to a cellular telephone service, which is the number he received the call on.

14. It has been on the National Do Not Call Registry since 2008.

15. The Plaintiff has received at least seven automated telemarketing calls from Call for All on behalf of their banking clients.

16. These calls were on December 16 and 17, 2020 and January 6, 7 and 28, 2021.

17. The caller ID showed the telephone call was from (818)-740-6932.

18. During at least one of the December calls the Plaintiff asked to no longer be contacted.

19. However, the Plaintiff's number was not added to Call for All's Do Not Call list.

20. As such, Call for All does not appear to have a Do Not Call list.

21. Alternatively, Call for All does not train its employees and personnel on the use of a Do Not Call list.

22. Yet the calls continued.

23. Mr. Fabricant eventually engaged the telemarketer during the January 28, 2021 telemarketing call to identify them.

24. The salesperson asked the Plaintiff a series of financial questions regarding a mortgage.

25. The Plaintiff asked for an e-mail so he could identify the company he was doing business with.

26. The salesperson from Call for All claimed that they could not do that, but that the individual that he transferred the Plaintiff to could.

27. As a result, the Plaintiff allowed for the transfer.

28. The Plaintiff was transferred to Arthur Ortega.

29. Mr. Ortega is a mortgage banker with the Federal Savings Bank.

30. Mr. Ortega sent an e-mail with the subject line "Arthur Ortega - The Federal Savings Bank - Contact Information NMLS #333070".

31. The Plaintiff ended the call as he had sufficiently identified the company. Eventually, Call for All was identified as having made the calls for Federal Savings Bank as part of its relationship with an intermediary party.

32. The calls were not necessitated by an emergency.

33. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

34. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

35. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following class:

> All persons to whom: (a) Defendant, or a third party acting on their behalf; (b) placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period while the number had been on the National Do Not Call Registry for more than 30 days; (c) promoting banking goods or services; (d) at any time in the period that begins four years before the date of filing the original complaint in this case and ends at the date of trial.

36. <u>Exclusions</u>. Excluded from the Class are Defendant, any entity in which Defendant have a controlling interest or that has a controlling interest in

Defendant, the judges to whom this case is assigned and the legal representatives, assignees, and successors and immediate family members of all of the foregoing.

38. <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable. On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

38. <u>Commonality</u>. The key questions driving the outcome of this dispute have the same answers for all Class members. Those questions include, but are not limited to, the following:

    a. Whether Defendant purchased batches of leads of prospects who had not consented to be called by it;

    b. Whether Defendant called numbers on the National Do Not Call Registry;

    c. Whether Defendant's violations of the TCPA were knowing and willful; and

    d. Whether Defendant should be enjoined from engaging in similar telemarketing in the future.

39. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

40. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in TCPA class litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

41. <u>Predominance</u>. Defendant have engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising

from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important advantages, including judicial economy.

42. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are dwarfed by the cost of prosecution. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are automated and because the TCPA lays down bright-line standards for liability and damages. Class treatment is superior to thousands of individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

43. <u>Injunctive and Declaratory Relief is Appropriate</u>. Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

44. <u>Notice</u>. Plaintiff anticipates that the mailing address and/or electronic mailing address of Class members will be obtained during discovery from Defendant' calling records (potentially in conjunction with third-party databases that map phone numbers to such addresses). Plaintiff anticipates that Class counsel will notify Class members in writing at such addresses.

## VII. FIRST CLAIM FOR RELIEF
### Violations of the TCPA, 47 U.S.C. § 227(c)

45. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

46. Call for All placed numerous calls for telemarketing purposes to Plaintiff's and Class Members' telephone numbers for telemarketing purposes.

47. They did so even though their number was listed on the National Do Not Call Registry.

48. Call for All placed two or more telephone calls to Plaintiff and Class Members in a 12-month period.

49. Call for All is entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call because Defendant's violations were knowing and/or willful.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by Defendant and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining Defendant and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G.  An award to Plaintiff and the Class of attorney's fees and costs, as allowed by law and/or equity;

H.  Leave to amend this Complaint to conform to the evidence presented at trial; and

I.  Orders granting such other and further relief as the Court deems necessary, just and proper.

### IX.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of November, 2021.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*